I respectfully dissent from the majority's opinion.
Appellee contends the conduct of reckless operation occurredwhile the officer was already in pursuit of appellee; therefore, the same conduct required to establish the failure to comply established the reckless operation.[1] Appellee concedes, "Had the officer attempted to stop the defendant-appellee for reckless operation, and the defendant-appellee failed to comply with the officer's order following that attempted stop, double jeopardy would not bar subsequent prosecution, because it would be separate and distinct conduct." (Appellee's Brief at 3).
In its Memorandum in Opposition to Motion to Dismiss, appellant specifically alleged the offense of reckless operation occurred prior to the offense charged in the common pleas court (failure to comply). In its judgment entry granting appellee's motion to dismiss, the trial court notes appellant pointed out the two offenses happened in sequence. As such, appellee's contention the reckless operation occurred while the officer was already in pursuit of appellee is not substantiated in the record before this Court. Given appellee's own concession quoted supra, if the two offenses happened in sequence, the conduct establishing the failure to comply occurred after the conduct establishing the reckless operation. The record before this Court does not affirmatively demonstrate the same conduct gave rise to both offenses.[2] Accordingly, I find the trial court erred in dismissing the failure to comply count on double jeopardy grounds at this stage of the proceedings.
I would sustain appellant's sole assignment of error and reverse and remand this case to the trial court for further proceedings.
JUDGE WILLIAM B. HOFFMAN.
[1] If the record supported this claim, I would agree double jeopardy applies.
[2] Had the trial court proceeded with an oral hearing on April 28, 1998, specific evidence might have been provided as to whether the conduct giving rise to the reckless operation charge was the same conduct appellant intended to use to establish the failure to comply charge.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.